UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

ANDREW GILL,           )
                       )
     Plaintiff,        )
                       )
     v.                )   Civil Action No. 11-0735 (RWR)
                       )
DRUG ENFORCEMENT AGENCY *et al.*, )
                       )
     Defendants.       )
_____)

MEMORANDUM OPINION

In this civil action brought *pro se*, plaintiff sues the United States Drug Enforcement Agency ("DEA"), the Federal Bureau of Investigation ("FBI"), and the District of Columbia Metropolitan Police Department ("MPD") for breach of contract. Specifically, plaintiff alleges that: (1) he "sign[ed]" a contract with a DEA agent "to assist in the apprehension of suspects dealing in drugs," and "a similar contract" with an MPD officer, (2) he supplied information that resulted in "at least two arrests," and (3) defendants have not paid him for the information. Compl. at 2. MPD moves to dismiss the complaint under Federal Rule of Civil Procedure 8 for insufficient pleading of a claim, Rule 12(b)(1) for lack of subject matter jurisdiction, and Rule 12(b)(6) for failure to state a claim for which relief can be granted, and the DEA and FBI ("the federal defendants") move to dismiss under Rule 12(b)(6). For the following reasons, each motion will be granted.

Plaintiff has opposed only MPD's motion to dismiss; therefore, the federal defendants' motion advancing valid arguments for dismissal will be granted as conceded. *See* Fed. Defs.' Mem. in Supp. of Motion to Dismiss [Doc. No. 20-1] at 3-8; Order (Sept. 9, 2011) (advising

plaintiff about the consequences of not opposing the federal defendants' motion to dismiss by October 12, 2011).

MPD correctly asserts that it cannot be sued as an entity separate from the District of Columbia.  *See* Mem. of P. & A. in Supp. of Def. MPD's Mot. to Dismiss at 6-7.  Therefore, the District of Columbia is substituted as the proper non-federal defendant, and the complaint against it will be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

## I.  SUBJECT MATTER JURISDICTION

"On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction." *Larsen v. U.S. Navy*, 486 F. Supp. 2d 11, 18 (D.D.C.2007); *see also Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007).  Plaintiff has made no such showing here.  *See generally* Pl.'s Mot. Showing U.S. District Court for the District of Columbia Does Have Jurisdiction in This Case Responding to Defendants' Request to Dismiss Claiming Lack of Jurisdiction by the Court and Answers Defense's Motion to Dismiss With a Question Brought Forth Requesting the Defendant Be Specific [Doc. No. 14].

The federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[,]" § 1332(a)(1).  This action predicated on the District's alleged contract breach does not present a federal question under § 1331, and "the District, like the fifty states, is not subject to [the] diversity jurisdiction . . . of the federal courts" under § 1332.  *Long v. District of Columbia*, 820 F.2d 409, 414 (D.C. Cir. 1987); *accord Price v. United Med. Ctr.*, No. 10-7080, 408 Fed. Appx. 375, 376 (D.C. Cir. Oct. 19, 2010).

## II. CONCLUSION

For the foregoing reasons, the federal defendants' unopposed motion to dismiss for failure to state a claim will be granted as conceded, and the District of Columbia's motion to dismiss for lack of subject matter jurisdiction will be granted over plaintiff's objection.  All other pending motions will be denied as moot.[1]  A separate Order accompanies this Memorandum Opinion.

DATE: December 13, 2011

_____/s/_____
RICHARD W. ROBERTS
United States District Judge

---

[1]  Given the final disposition of this case, no reason exists for addressing plaintiff's frivolous motions for "emergency" sanctions [Doc. Nos. 13, 18, 21] and MPD's motion for an order of protection from such motions [Doc. No. 22].